## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

**BRANDON KEELING**                                                                 **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 4:22-CV-P148-JHM**

**GRAYSON COUNTY DETENTION CENTER** *et al.*             **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims but provide him the opportunity to file an amended complaint.

### I.

Plaintiff Brandon Keeling is incarcerated as a pretrial detainee at the Grayson County Detention Center (GCDC). Plaintiff sues GCDC, GCDC Jailer Jason Woosley, and GCDC Deputy Kyle Tarrance. Plaintiff sues Defendant Woosley in his individual capacity only and does not indicate in what capacity he sues Defendant Tarrance.

Plaintiff makes the following allegations in the complaint:

On September 26, 2022, I [] was pulled out of my cell by jail deputies so that they could search the cell – I was strip searched by an officer and then placed in a holding cell. Shortly afterwards I was ran through the jail's body scanner in an attempt to find contraband. After being ran through the jail's body scanner [Defendant] Tarrance decided to strip search me once again for the second time. This time he requested that I lift my private parts and turn around and spread my buttocks. After I complied and search was concluded [Defendant] Tarrance made the comment "Not Bad."

Plaintiff states that these allegations show that Defendant Tarrance violated his "constitutional rights under Title IX."

Plaintiff also claims that his constitutional due process rights were violated because GCDC failed to fully investigate his Prison Rape Elimination Act (PREA) complaint regarding the incident but nonetheless informed him that what happened to him did not constitute a PREA violation.

Plaintiff asserts that Defendant Woolsey violated his constitutional rights because, as the GCDC Jailer, he is "responsible for all employees including their actions while on duty at [GCDC]."

As relief, Plaintiff seeks damages and injunctive relief in the form of the termination of employment of Defendant Tarrance.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)

(citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. GCDC/Grayson County

The GCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit

under § 1983). In this situation, Grayson County is the proper Defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). Moreover, although Plaintiff does indicate that he sues either Defendant Woosley or Tarrance in their official capacities, if he had, these claims would also be construed as claims against Grayson County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

A municipality such as Grayson County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom of the municipality and the alleged constitutional deprivation. *Monell,* 436 U.S. at 691 (1978); *Deaton v. Montgomery Cnty.*, Ohio, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the municipality under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that any constitutional violation occurred pursuant to a policy or custom of Grayson County. Thus, Plaintiff's claim against GCDC/Grayson County and any official-capacity claim against Defendant Woosley or Tarrance must be dismissed for failure to state a claim upon which relief may be granted.

**B. GCDC Jailer Woosley**

Plaintiff claims that Defendant Woosley is liable in his individual capacity for the incidents described in the complaint because he is responsible for the actions of his employees. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of*

4

*Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Thus, because the complaint contains no allegations that Defendant Woosley was actively involved in the alleged violation of Plaintiff's constitutional rights, the Court will dismiss Plaintiff's individual-capacity claim against him for failure to state a claim upon which relief may be granted.

### C. GCDC Deputy Tarrance

The Court next turns to Plaintiff's claim that Defendant Tarrance violated his rights by unnecessarily strip searching him two times and by stating "not bad" after the second search had concluded.

Based on these allegations, <u>if Plaintiff amends his complaint to indicate that he is suing Defendant Tarrance in his individual capacity, the Court will allow a Fourteenth Amendment claim to proceed against him</u>. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

Plaintiff also claims that Defendant Tarrance violated his rights under Title IX. Title IX of the Civil Rights Act of 1972 provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any educational program or activity receiving federal financial assistance[.]" 20 U.S.C. § 1681(a). This statute has no relevance to Plaintiff's claims and, therefore, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### D. PREA Complaint

The Court next turns to Plaintiff's claim that his constitutional due process rights were violated because GCDC officials failed to adequately investigate his PREA complaint against Defendant Tarrance. In making this claim, Plaintiff cites specifically to the Fifth Amendment. The Fifth Amendment, however, applies only to claims against federal employees. Moreover, several courts have recognized that an alleged failure to investigate a PREA complaint does not state a constitutional claim. *See, e.g.*, *Williams v. Guester*, No. 1:22-cv-984, 2023 U.S. Dist. LEXIS 21443, at *24-29 (W.D. Mich. Feb. 8, 2023) (dismissing Fifth and Fourteenth Amendment due process claims based upon prison officials' alleged failure to investigate a PREA complaint); *Bracy v. Tully*, No. 1:22cv827 (RDA/WEF), 2022 U.S. Dist. LEXIS 143051, at *8-9 (E.D. Va. Aug. 10, 2022) (holding "no freestanding constitutional right" to an investigation into a PREA complaint under § 1983) (citation omitted) (collecting cases); *Miles v. Mitchell*, No. 3:18-CV-P116-CRS, 2018 U.S. Dist. LEXIS 193225, at *13 (W.D. Ky. Nov. 13, 2018) (dismissing a PREA failure-to-investigate claim because "an inadequate investigation fails to state a constitutional violation") (citing, *inter alia*, *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986)).

Moreover, several courts have found that the PREA, codified at 42 U.S.C. § 15601 *et seq.*, does not create a private cause of action. *See, e.g.*, *Simmons v. Solozano*, No. 3:14CV-P354-H, 2014 U.S. Dist. LEXIS 129249, at *9 (W.D. Ky. Sept. 16, 2014) ("[T]he PREA creates no private right of action."); *Montgomery v. Harper*, No. 5:14CV-P38-R, 2014 U.S. Dist. LEXIS 114727, at *6 (W.D. Ky. Aug. 19, 2014) (same); *Chapman v. Willis*, No. 7:12-CV-00389, 2013 U.S. Dist. LEXIS 74694, at *11-12 (W.D. Va. May 28, 2013) ("There is no basis in law for a private cause of action to enforce a PREA violation."); *Holloway v. Dep't of Corr.*, No. 3:11VCV1290 (VLB), 2013 U.S. Dist. LEXIS 23243, at *5 (D. Conn. Feb. 20, 2013) ("There is nothing in the PREA that

suggests that Congress intended it to create a private right of action for inmates to sue prison officials for non-compliance to the Act."); *Faz v. N. Kern State Prison*, No. CV-F-11-0610-LJO-JLT, 2011 U.S. Dist. LEXIS 111682, at *13 (E.D. Cal. Sept. 29, 2011) ("[T]he PREA does not create a private right of action . . . .").

For these reasons, the Court will dismiss Plaintiff's claims based on his allegation that GCDC jail officials failed to adequately investigate his PREA complaint against Defendant Tarrance.

E. **Injunctive Relief**

And, finally, as to Plaintiff's request that the Court order that Defendant Tarrance be terminated from his employment at GCDC, the Court has no authority to grant such relief in a § 1983 action. *See, e.g.*, *Street v. Rodriguez*, No. 2:12-CV-13995, 2014 U.S. Dist. LEXIS 27376, at *13-14 (E.D. Mich. Feb. 7, 2014) ("An order that [prison] officials impose sanctions on an employee or specify the conditions under which the employee should be employed 'unnecessarily intrudes on [the prison's] operations' and is 'an inappropriate use of the court's equity powers.'") (quoting *LaMarca v. Turner*, 995 F.2d 1526, 1543 (11th Cir. 1993); *Ross v. Reed*, No. 1:13-cv-143, 2013 U.S. Dist. LEXIS 44697, at *5-6 (S.D. Ohio Mar. 5, 2013)) ("[T]o the extent plaintiff seeks injunctive relief in the form of an order requiring that disciplinary . . . proceedings be initiated against the defendants, the complaint fails to state an actionable claim" because "[t]he Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees . . . ."); *Theriot v. Woods*, No. 2:09-cv-199, 2010 U.S. Dist. LEXIS 14253, at *10-11 (W.D. Mich. Feb. 18, 2010) (dismissing claim for "punitive injunctive relief" on the ground that the court could not issue an order directing prison officials to discharge defendants from their jobs as prison employees because such relief is "not available under []

7

§ 1983" and the court "has no authority under [] § 1983 to . . . terminate the employment of [the defendants.]").

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against GCDC and Defendant Woosley, his Title IX claim, his claim regarding the failure to investigate his PREA complaint, and his claim for injunctive relief are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court** is **DIRECTED** to terminate GCDC and Jason Woosley as parties to this action since no claims remain against them.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Order, **Plaintiff may file an amended complaint in which he indicates that he is suing Defendant Tarrance in his individual capacity**.

The **Clerk of Court** is further **DIRECTED** to place the words "Amended Complaint" on page 2 of Plaintiff's complaint form and to send it to Plaintiff for his use should he decide to file an amended complaint.

If Plaintiff timely files an amended complaint suing Defendant Tarrance in his individual capacity, the Court will enter a Service and Scheduling Order to govern the development of Plaintiff's Fourteenth Amendment claim.

**If Plaintiff fails to timely file an amended complaint, the Court will dismiss this action for the reasons stated herein**.

Date: March 13, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Grayson County Attorney
4414.011